**ORIGINAL**

FILED IN OPEN COURT
U.S.D.C. Atlanta

JUL 2 1 2015

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>NIKKI AUTRY | Criminal Indictment<br><br>No.  **2  15-CR-028** |

THE GRAND JURY CHARGES THAT:

## Introduction

At all times relevant to this Indictment, the defendant, NIKKI AUTRY, was working as a special agent of the Mountain Judicial Circuit Narcotics Criminal Investigation and Suppression Team (NCIS) in her capacity as a deputy sheriff employed by the Habersham County Sheriff's Office.

## Count One

On or about May 28, 2014, in the Northern District of Georgia, the defendant, NIKKI AUTRY, while acting under color of law, provided and swore to false information in order to establish probable cause necessary to obtain a "no-knock" search warrant and did thereby willfully deprive B. "B. B." P., an occupant and temporary resident of a house in Cornelia, Georgia, of a right,

secured and protected by the Constitution and laws of the United States, namely the right to be secure in his person, houses, papers and effects against unreasonable searches and seizures by one acting under color of law. Specifically, to establish probable cause, Defendant Autry provided and swore, in pertinent part, (1) that she conducted an undercover drug investigation during which time CI # 1459 was able to purchase a quantity of methamphetamine from [W.T.] at [W.T.'s] residence;  (2) that CI # 1459 [was] a true and reliable informant who provided information in the past that led to criminal charges on individuals selling illegal narcotics in Habersham County, Georgia; and (3) that she confirmed "there [was] heavy traffic in and out of the residence."   This information that Defendant Autry provided and swore to was false because, as Defendant Autry then well knew: (1) CI # 1459 did not purchase a quantity of methamphetamine from W.T. during her investigation; (2) CI # 1459 had not provided information in the past that led to criminal charges on individuals selling illegal narcotics in Habersham County, Georgia; and (3) she had not confirmed that there was heavy traffic in and out of the residence.   The defendant's act of providing false information in said search warrant affidavit resulted in bodily injury to B. "B. B." P.

All in violation of Title 18, United States Code, Section 242.

Count Two

On or about May 28, 2014, in the Northern District of Georgia, the defendant, NIKKI AUTRY, while acting under color of law, provided and swore to false information in order to establish probable cause necessary to obtain a "no-knock" search warrant and did thereby willfully deprive B. P. and A. P., occupants and temporary residents of a house in Cornelia, Georgia, of a right, secured and protected by the Constitution and laws of the United States, namely the right to be secure in their persons, houses, papers and effects against unreasonable searches and seizures by one acting under color of law. Specifically, to establish probable cause, Defendant Autry provided and swore, in pertinent part, (1) that she conducted an undercover drug investigation during which time CI # 1459 was able to purchase a quantity of methamphetamine from [W.T.] at [W.T.'s] residence; (2) that CI # 1459 [was] a true and reliable informant who provided information in the past that led to criminal charges on individuals selling illegal narcotics in Habersham County, Georgia; and (3) that she confirmed "there [was] heavy traffic in and out of the residence."   This information that Defendant Autry provided and swore to was false because, as Defendant Autry then well knew: (1) CI # 1459 did not purchase a quantity of methamphetamine

3

from W.T. during her investigation; (2) CI # 1459 had not provided information in the past that led to criminal charges on individuals selling illegal narcotics in Habersham County, Georgia; and (3) she had not confirmed that there was heavy traffic in and out of the residence.

All in violation of Title 18, United States Code, Section 242.

## Count Three

On or about May 28, 2014, in the Northern District of Georgia, the defendant, NIKKI AUTRY, while acting under color of law, provided and swore to false information in order to establish probable cause necessary to obtain a "no-knock" search warrant and did thereby willfully deprive A. T., an occupant and resident of a house in Cornelia, Georgia, of a right, secured and protected by the Constitution and laws of the United States, namely the right to be secure in her person, houses, papers and effects against unreasonable searches and seizures by one acting under color of law.  Specifically, to establish probable cause, Defendant Autry provided and swore, in pertinent part, (1) that she conducted an undercover drug investigation during which time CI # 1459 was able to purchase a quantity of methamphetamine from [W.T.] at [W.T.'s] residence;  (2) that CI # 1459 [was] a true and reliable informant who provided

information in the past that led to criminal charges on individuals selling illegal narcotics in Habersham County, Georgia; and (3) that she confirmed "there [was] heavy traffic in and out of the residence."   This information that Defendant Autry provided and swore to was false because, as Defendant Autry then well knew: (1) CI # 1459 did not purchase a quantity of methamphetamine from W.T. during her investigation; (2) CI # 1459 had not provided information in the past that led to criminal charges on individuals selling illegal narcotics in Habersham County, Georgia; and (3) she had not confirmed that there was heavy traffic in and out of the residence.

All in violation of Title 18, United States Code, Section 242.

<u>Count Four</u>

On or about May 28, 2014, in the Northern District of Georgia, the defendant, NIKKI AUTRY, while acting under color of law, provided and swore to false information in order to establish probable cause necessary to obtain an arrest warrant and did thereby willfully deprive W.T. of a right, secured and protected by the Constitution and laws of the United States, namely the right to be free from unreasonable seizure by one acting under color of law, which includes the right to be free from arrest without probable cause and the right not

5

to have false evidence knowingly presented against him by one acting under color of law. Specifically, Defendant Autry provided and swore, in pertinent part, (1) that she conducted an undercover drug investigation during which time CI # 1459 was able to purchase a quantity of methamphetamine from [W.T.] at [W.T.'s] residence; (2) that CI # 1459 [was] a true and reliable informant who provided information in the past that led to criminal charges on individuals selling illegal narcotics in Habersham County, Georgia; and (3) that she confirmed that "there [was] heavy traffic in and out of the residence."   This information that Defendant Autry provided and swore to was false because, as Defendant Autry then well knew: (1) CI # 1459 did not purchase a quantity of methamphetamine from W.T. during her investigation; (2) CI # 1459 had not provided information in the past that led to criminal charges on individuals selling illegal narcotics in Habersham County, Georgia; and (3) she had not confirmed that there was heavy traffic in and out of the residence.

All in violation of Title 18, United States Code, Section 242.

A _____ True _____ BILL

_____ FOREPERSON

JOHN A. HORN
   *Acting United States Attorney*

BRENT ALAN GRAY
   *Assistant United States Attorney*
Georgia Bar No. 155089

WILLIAM L. McKINNON, JR.
   *Assistant United States Attorney*
Georgia Bar No. 495812

MARY L. WEBB
   *Assistant United States Attorney*
Georgia Bar No. 940420

 600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181